IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO.   5:15-CR-50080-001 |
| | ) | |
| SHILO WATTS | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through Dustin Roberts, Assistant United States Attorney and files this Sentencing Memorandum. For all matters relevant, the Government states the following:

### OVERVIEW AND SENTENCE RECOMMENDATION

On or about October 28, 2015, the defendant, SHILO WATTS, was named in a multi-count Indictment filed in the Western District of Arkansas, charging him with Three (3) Counts of Transportation of a Minor with the Intent to Engage in Criminal Sexual Conduct in violation of Title 18, United States Code, Section 2423(a), one (1) Count of Interstate Travel with the Intent to Engage in Illegal Sexual Activity with a Minor, in violation of Title 18, United States Code, Section 2423(b), and One (1) Count of Aggravated Sexual abuse of Children, in violation of Title 18, United States Code, Section 2241(c). On January 6, 2016, the defendant pleaded guilty to Count One (1) of the Indictment. The offense conduct set out in the plea agreement overall reflects that the defendant sexually groomed, molested, and subsequently transported into Texas a 14 year old minor of Marshallese decent, who he continued to sexually abuse over a span of years. As set out in the PSR and outlined below, this was just one of many minors, including multiple from the Marshall Islands, the defendant sexually molested over an extended period of time.

At present, U.S. Probation's calculation of the sentencing guidelines set out in the Pre-Sentence Report (PSR) reflects an advisory range of life, which corresponds to the statutory maximum in this case of "Life." There remains numerous objections out, both lodged by the Government and the defendant. However, if the Court rules in the favor of the defense on all objections, the applicable guideline range simply changes from that of "Life" to that of "360 to life." The defendant is currently scheduled to be sentenced on May 13, 2016. During the sentencing hearing, the Government does not anticipate calling any witnesses at this time.

## I.   SENTENCING RECOMMENDATION

As reflected in the below argument, the Government submits Life imprisonment is appropriate in this case pursuant to both the sentencing guidelines and the 3553(a) factors. The Government asserts such a disposition is proper primarily because the offense conduct involved is among, if not the, most egregious ever presented to this Court, and certainly involves the highest number of minor victims sexually exploited at the hands of any one defendant.

### A.   NATURE AND CIRCUMSTANCES OF OFFENSE

Per the PSR, SHILO WATTS first came to law enforcements' attention in October of 2012, when the defendant's 14 year old nephew came forward reporting that he had been sexually abused by WATTS since age five. (PSR 9-12). The nephew further reported that in addition to him, the defendant had been sexually abusing at least one boy from the Republic of the Marshall Islands (RMI). (PSR 10-12). Further, family members of the defendant reported that he had lived in the Marshall Islands and abroad elsewhere, and had helped multiple Marshallese males relocate to the United States, mainly to Springdale, Arkansas. (PSR 11). In fact, one the defendant's cousins, Christina Reynolds, reported to law enforcement that WATTS had self-professed to her his sexual attraction for young boys, and had even brought several of the RMI boys to spend the

night over at her house. After said stay, cousin Reynolds had to throw out the bed comforter because it was covered with sex stains. (PSR 14).

During the course of the investigation, Homeland Security Investigation (HSI) determined that Watts had lived in the Marshall Islands from 2004 until 2008, and had sexually abused multiple minors while there. (PSR 15). In fact, while in the Marshall Islands, WATTS was employed as law enforcement officer, but was subsequently fired as they suspected he was sexually abusing local boys. (PSR 44). During the investigation, HSI agents were able to confirm that WATTS had helped multiple boys from the Marshall Islands move to Northwest Arkansas and Oklahoma. After helping them relocate, WATTS would gather up several of the minors and take them on "trips" to Texas. While on the trips, WATTS would sexually abuse them. (PSR 16). In total, the PSR reflects that the defendant molested, either by oral sex or fondling, approximately 18 minors ranging in age of 5 to 16 years. Per the defendant's own statement to law enforcement alone, which does not account for the two minor victims of the Texas sex crimes he pleaded guilty to, details the sexually abuse of approximately 12 minors. Furthermore, upon being arrested and interviewed by law enforcement, the defendant expounded that "he thought he could change his sexual desire for young boys, but he now realizes that he could not stop." (PSR 46).

Certainly, the sexual abuse of 18 minors known to law enforcement, by itself, supports the imposition of a life sentence.

### DEFENDANT'S HISTORY/CHARACTERISTICS AND DANGER TO THE COMMUNITY

The defendant at present has three prior convictions all out of Texas for sexual offenses committed on two different minor males. Specifically, the defendant was convicted of Aggravated Sexual Assault in 2013 in Atascosa County Texas, Two Counts of Indecency with a Child in 2014

in Guadalupe County, and Aggravated Sexual Assault in 2014 in Burnet County. (PSR 135-137). The victims of these offenses were the defendant's nephew and the son of the defendant's reported "best friend." Watt's nephew reported that he had been sexually abused by the defendant since he was five years of age (approximately 2003). (PSR 11, 135, 137). Moreover, several of the victims of the present offense reported that the sexual abuse began in approximately 2005. (PSR 15). That would make their ages 10 to 12 years of age at the time. (PSR 27,31). And the abuse for many of them continued until 2012. That represents a total of 7 years of sexual abuse for many of these minors.

After the defendant was arrested and brought back to the United States to face the multitude of child molestation charges, he was incarcerated in Atascosa County Texas. (PSR 135). While in the Atascosa County Jail, the defendant sent an open letter intended for the state court. (See Govt's. Exhibit A). In the open letter, Watts stated "[b]y literal definition I am a Pedophile with a preference to the male gender. A fact I have been aware of from the time I myself was a child. (Attachment A, pg. 1). He went on to write "I've always been attracted to male children." (Attachment A, pg. 3). Ultimately, Watts expressed in the letter a plea for leniency: "what Im asking for is to please not be locked away for decades" (pg. 14). Watts was convicted in Atascosa County in 2013, and was subsequently sent to Guadalupe and Burnett Counties to face the other charges.

However, in a letter to his mother dated April 2, 2014, Watts points to a cultural problem with the perception of his sexual attraction/actions with minors that is to blame. Specifically, he notes that in Arab/ Muslim countries that he has spent time in, the "men and youth will play around and engage in homosexual acts- as there are no females available. Its culturally accepted and is looked at as normal." (Attachment B, pg. 7). According to Watts, this activity occurs routinely

4

between adult males and young men ages 15-17 and "perhaps a little younger." (Attachment B, pg. 8). He further explained in his letter that he witnessed and to some extent took part in this practice. Ultimately, he concludes:

> "I wish to my evil "god" I would have been born into Islam anywhere in the Middle East!! To hell with all you culturally isolated, hollier-than-thou [sic], your way is the only way, closed minded oppressive Americans! LOL! I just started to be invited [into engaging in the acts described] before extradition!" (Attachment B, pgs.7-8.).

Clearly, in the first letter intended for the Texas Court, Watts attempted to cast himself as a victim of some type of condition thereby justifying his actions. However, after his conviction in Atascosa, and in a personal letter to his mother, he reverted to blaming societal norms in not allowing him to sexually abuse minors. Accordingly, this is not an individual apologizing to his long list of victims, or apologizing in general for his behavior. This is a man providing justification for his actions. So not only is his conduct reprehensible and vile, if released it is apparent that he will recidivate given his justification of his actions.

Also, it is apparent that he has no insight into his behavior, as he equates his actions of orally raping boys 5-12 years old, to that of engaging in consensual sexual acts with 15 to 17 year olds. It is against common sense to believe that any individual who molests minors of the ages and in the quantity involved at present, does so without knowing it is wrong and that it will cause extensive harm to the minors. Regardless of his self-serving justifications, this defendant simply molested 18 children to satisfy his own sexual desires, without regard to the detrimental effect it would have on the minors. These actions, and especially considering the scale of the abuse this Court should impose a life sentence. Further, it is apparent based on the crimes already committed by Mr. Watts, that he poses such a grave danger to the community, specifically to the community of minor males, that that he should never be given the opportunity to get out of prison and offend

again.

A. **NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES AND PROMOTE RESPECT FOR THE LAW**

The offense conduct reflects that this case is among the most egregious, if not the single most egregious, child exploitation case that has been presented in the Western District of Arkansas.

Considering the level of depravity involved at present, the only case similar in sheer number of sexual abuse victims the Government has presented in the Western District is that of United States v Bernie Lazar Hoffman (AKA Tony Alamo), Case No. 4:08-CR-40020-001; 8th Circuit Court of Appeals No. 09-3651. In *Alamo*, the defendant was sentenced to 175 years after being found guilty of a total of 10 counts of travel based sexual offense against minors in violation of Title 18, United States Code, Sections 2423 and 2422. The overall facts/relevant conduct in the Alamo case reflect that he was a religious leader of sort, who used his position of trust to gain access to numerous minors, five of which were named in the Indictment, and sexually abused them on numerous occasions.[1] At trial, he was found guilty of the same type of travel based offense against numerous minors, as Watts is now charged with. While Alamo had its own extenuating factors supporting the imposition of a 175 year sentence, the molestation of approximately 18 minors spanning multiple countries over an extended period of time (at least a decade) places Watts at least on par with the Alamo case. While Watts did not go to trial as Alamo did, the evidence in this case was overwhelming, including a recorded confession to law enforcement, his admissions to his family about being a pedophile, his jail letters proclaiming his attraction to

---

1 The overall facts known to law enforcement was that Alamo sexually abused possibly up to 20 minors.

children, and multiple victims all saying the same things. As such, his decision to plea should not alone be such a mitigating factor to overshadow the extreme nature of his offenses. Based on his decision to plead guilty, WATTS received acceptance of responsibility and achieved his best shot at an argument for a lenient sentence. He is entitled to nothing more.

Moreover, this Court, in a recent Transportation of a Minor case sentenced a defendant charged with victimizing just one minor, approximately 13 years old, to 35 years imprisonment. In *United States v. David Duffin,* Case No. 5:15-CR-50040, the defendant went online and solicited/coerced a minor female to engage in sexual acts with him. In so doing, he picked up the minor at her residence in Chicago, and transported her to the Western District of Arkansas. At sentencing, the Government provided the Court with the fact that Duffin also produced pornographic images of the minor. While relevant conduct presented at sentencing did reflect the defendant did this to a least one other minor approximately the same age, there was nothing in the record to reflect that the defendant exploited or even came close to exploiting the quantity of minors as in the present case. Certainly if a man, like Duffin, with no priors, received a sentence of 35 years imprisonment for exploiting two minors, a much harsher sentence is supported in this case.

To provide further prospective, this Court has previously sentenced multiple individuals to equivalent to life sentences on charges of Production of Child Pornography, which involved similar conduct committed on one or two minor victims. In *United States v Baughman*, Case No. 5:13-CR-50080-001, the child pornography produced by the defendant depicted the defendant fondling the penis of a seven year old male and digitally penetrating the vagina of an approximately seven year old female. *Baughman* had no priors and received a 60 year sentence. In *United States v Oziah*, Case No. 5:13-CR-50103-001, the sexual abuse depicted in the production

focused on oral sex between the defendant and an approximately eight year old male. While the defendant in *Oziah* (an approximate 19 year old) did have a prior *juvenile adjudication* for sexual assault, Watts now has three prior convictions for sexually abusing minors that are not the subject of the current charges. *Oziah* was sentenced to 55 years imprisonment. However, in both of the above mentioned cases, the defendant's each molested/sexually exploited two minors and both received a higher sentence than statutorily possible in this case. But clearly, the pattern of conduct involving the ongoing sexual abuse of a large number of minors justifies one of the harshest sentences the law allows, that of life.

Also, in *United States v. Scott Sholds*, Case no. 5:14-CR-50035-001, the defendant, who was charged with taking multiple videos of himself anally and vaginally raping of a two year old female, received an 80 year sentence. The Government does not contest that the offense conduct in Sholds is deplorable, and deserving of an equivalent to life sentence. However, the Government does note that Sholds pleaded guilty to multiple offenses, but all were recorded/produced on the same date (same incident but multiple videos made). Also, it is worth noting that the statutory range of the charges in Sholds did not allow for a "Life" sentence. As such, the Court sentenced the defendant to a term of years equivalent to life for raping one, although very young, minor. Comparatively, Watts has orally raped so many minors, some as young as five years of age, over such a long period of time, that it's almost impossible to account for them all. In fact, it is highly illogical to believe that all have been identified even at this point. (See PSR Para. 50)(list of three minors that has not been identified).

Finally, the Government notes that this Court has recently sentenced a defendant in one production case that involved the exploitation of multiple minors, namely *United States v. Julian Rivera,* Case no. 5:15-CR-50061-001 to 50 years imprisonment. Rivera was charged with

production of child pornography involving two approximately five year old females, but his relevant conduct reflected that he had masturbated in-front-of or tried to sexually assault many more minors, possibly up to 30. However, even as outrageous as the conduct involved in Rivera is, it does not rise to the level of the conduct at bar. Unlike Watts, Rivera's actual hands-on offenses were limited to two or three minors. The remaining were attempts to seduce or molest the minors. Watts, however, actually achieved his goal, and even furthered it by gaining the trust of multiple Marshallese males under the guise of helping them relocate to America, but all along doing so with the intention of gaining unfettered access to them for his own sexual purposes. In essence, Watts imported his own community of victims. For these crimes, a "just sentence" dictates life imprisonment.

## CONCLUSION

With respect to the appropriate sentence to be imposed, considering the defendant's extensive pattern of activity involving the sexual exploitation of numerous minors, the United States submits that a LIFE sentence is warranted in this case.

Respectfully submitted,

KENNETH ELSER
UNITED STATES ATTORNEY

By: /S/ Dustin S. Roberts
Dustin S. Roberts
Assistant U. S. Attorney
Arkansas Bar No. 2005185
414 Parker Ave
Fort Smith, AR 72901
Phone: (479)783-5125

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on May 3, 2016 with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Joe Alfaro
Assistant Federal Public Defender

/s/ Dustin S. Roberts
Dustin S. Roberts
Assistant U.S. Attorney